**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward McCRAY, Defendant-Appellant.**

**No. 72–1098.**

United States Court of Appeals,
Tenth Circuit.

Sept. 27, 1972.

Rehearing Denied Oct. 25, 1972.

---

**448**

Glen S. Kelly, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Martha Goldin, of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant McCray was indicted for an escape in violation of 18 U.S.C. § 751(a) and found guilty by a jury. He appeals from the judgment imposing sentence.

His retained counsel attack the sufficiency of the indictment. It charges that on June 14, 1969, defendant

"unlawfully escaped from the United States Penitentiary Farm, Leavenworth, Kansas, while confined in such institution by direction of the Attorney General of the United States or his authorized representative pursuant to his conviction in the United States District Court for the District of Colorado, all in violation of 18 U.S.C. 751(a)."

■ The elements of the offense are (1) escape (2) from the custody of an institution where he is confined by direction of the Attorney General (3) pursuant to process issued under the laws of the United States by a court. Strickland v. United States, 10 Cir., 339 F.2d 866, 867. An indictment is sufficient if it contains a plain, concise, and definite statement of the essential elements of the offense charged, clearly apprises the defendant of what he must be prepared to meet, and, when taken with the entire record after conviction, is adequate to protect against double jeopardy. Rule 7(c), F.R.Crim.P.; Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240; Clay v. United States, 10 Cir., 326 F.2d 196, 198, cert. denied 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050; and United States v. Tijerina, 10 Cir., 407 F.2d 349, 353, cert. denied 396 U.S. 843, 90 S.Ct. 76, 24 L.Ed.2d 93.

■ The attack on the indictment here goes to its failure to allege with particularity the facts pertaining to the offense for which the defendant was in custody at the time of the escape. No decision of which we are aware requires that an indictment under § 751(a) must state the specifics of the process under which the defendant is held in federal custody. United States v. Rudinsky, 6 Cir., 439 F.2d 1074, cited by defendant does not so hold. In the case at bar the government furnished the defendant and his appointed lawyer with a copy of the commitment resulting from defendant's conviction in the United States District Court for the District of Colorado. Nothing in the case indicates any misapprehension by the defendant of the process under which he was held. The indictment states in plain language the essential elements of the offense, tells the defendant what he must meet, and is adequate when taken with the record to protect against double jeopardy.

■■ Defendant argues that his arrest was illegal and accordingly an admission made shortly thereafter should not have been received. He was arrested in Portland, Oregon, by an agent of the Federal Bureau of Investigation on the basis of information of an outstanding warrant. A police officer may make an arrest on the basis of transmitted information of an outstanding warrant. Bandy v. Willingham, 10 Cir., 398 F.2d 333, 335, cert. denied 393 U.S. 1006, 89 S.Ct. 497, 21 L.Ed.2d 470. This rule is

recognized in Whiteley v. Warden, 401 U.S. 560, 568, 91 S.Ct. 1031, 28 L.Ed.2d 306, upon which defendant relies. In Whiteley the warrant turned out to be invalid. In the case at bar no attack is made on the validity of the warrant. Instead, the argument is based on the theory that the agent did not know that the McCray arrested was the McCray named in the indictment. We know of no decision which requires an officer making an arrest to be certain of identity. The FBI notified its Portland office that the person named in the warrant was living at a specified address. The agent went there and found him. After the arrest, the agent gave defendant the usual Miranda warning. Thereafter, defendant admitted that his name was Edward McCray and that he had escaped from Leavenworth. In our opinion the arrest was lawful and the admission properly received.

■ Defendant urges that the certified copies of the Colorado conviction, commitment, and return of the Marshal were hearsay documents not admissible under the Federal Business Records Act, 28 U.S.C. § 1732. The documents were admissible under 28 U.S.C. § 1733(b), Rule 27, F.R.Crim.P., and Rule 44(a)(1), F.R.Civ.P. See also United States v. Merrick, 10 Cir., 464 F.2d 1087.

■ The sufficiency of the evidence to sustain the conviction is attacked on the ground that the proof does not show that the McCray convicted in Colorado, the McCray who escaped, and the McCray on trial were one and the same. In Gravatt v. United States, 10 Cir., 260 F.2d 498, we held that identity in name is not enough to sustain a conviction of interstate transportation of a gun by a person previously convicted of a crime of violence. In Matula v. United States, 10 Cir., 327 F.2d 337, 338, another prosecution under the Firearms Act, we held that identity of name plus defendant's extra-judicial admission was sufficient. In the case at bar we have identity of name, extra-judicial admission, the record of the Colorado convic-

tion showing that McCray was received at Leavenworth on May 20, 1964, and assigned inmate number 81461, and the testimony of a guard identifying defendant as prisoner No. 81461 who escaped on June 14, 1969. The government was not required to prove that commitment in Leavenworth was pursuant to the authority of the Attorney General. United States v. Rosas-Garduno, 9 Cir., 427 F.2d 352, 353, and United States v. Jones, 4 Cir., 392 F.2d 567, 569, cert. denied 393 U.S. 882, 89 S.Ct. 186, 21 L.Ed.2d 156. The evidence well sustains the conviction.

We turn to the claim that defendant was represented by ineffective counsel at the trial. In this appeal defendant is represented by retained counsel. The record shows that the conduct of defendant in the courtroom was unruly, boisterous, and provocative. At a pre-trial hearing he was removed from the courtroom. He was given ample opportunity to retain counsel and he did not do so. His right to appointed counsel was explained on various occasions. He did not execute a written waiver of counsel and his oral statements in regard thereto are confusing and inconsistent. The record contains six transcripts of hearings before trial. Three district judges listened patiently to the harangues of defendant attacking individual judges, both the trial and appellate courts, and other governmental institutions. The burden of his complaints was that he was falsely and fraudulently charged and subjected to trial in both the Colorado case and the pending case. The court had before it a psychiatric report which said that the defendant was competent to stand trial and assist in his defense. The report noted that it might be difficult for him to assist his attorney "unless he feels that the attorney is willing to represent him in the way that he wishes to be represented."

■ With this background, the court appointed an attorney for him. During the trial defendant was given the opportunity to address the court out of the presence of the jury. Defendant took

advantage of that opportunity on several occasions. Eventually his conduct became so obstreperous that he was removed from the courtroom and placed in a cell where equipment was provided to permit him to hear the court proceedings. The record convinces us that it would have been impossible to conduct the trial without the appointed attorney. The claim that the attorney was ineffective is without any substance. Complaint is made that the attorney did not attack the grand and petit jury selection process. Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536, is without any pertinence. No claim is made óf any discrimination in jury selection. We are satisfied that the appointed counsel was competent and conducted himself as well as any advocate could in the difficult circumstances presented. The trial was not a mockery, sham or farce, and did not result in the deprivation of any constitutional rights. Lorraine v. United States, 10 Cir., 444 F.2d 1, 2.

With defendant and his counsel present in open court on September 13, 1971, the court sentenced defendant to a term of three years with parole eligibility to be determined under 18 U.S.C. § 4208(a)(2) and with the sentence to be consecutive to the sentence defendant was then serving under the Colorado conviction. Defendant wrote the court a letter for clarification of sentence. The court construed the letter as a request for a specific statement whether the time between defendant's August, 1970, arrest on the escape charge and the September 13, 1971, sentence on that charge should be credited to the Colorado sentence or to the escape sentence. On September 27, 1971, without the presence of defendant or his counsel, the court entered an order that the time in question should be credited to the escape sentence and not to the Colorado sentence.

On February 14, 1972, and without the presence of defendant or his counsel, the court entered an order reciting that the September 27 order was in error and "does not state the intention of the Court, nor was such order legal within the meaning and context of 18 U.S.C. § 3568." Defendant claims that the last order impermissibly increases the term of the escape sentence by the period of over one year elapsing between his arrest for the escape and the imposition of sentence for that offense.

■ The government says that the September 27, 1971, sentence was void because entered without the presence of the defendant or his attorney. See James v. United States, 10 Cir., 348 F. 2d 430. In James it was held that a sentence imposed in the absence of the defendant was jurisdictionally bad and did not preclude a later increase in sentence. We see no jurisdictional problem here. Rule 43, F.R.Crim.P., provides that a defendant's presence is not required at a reduction of sentence under Rule 35. See also United States v. Birnbaum, 2 Cir., 421 F.2d 993, 998, and United States v. Behrens, 375 U.S. 162, 165, 84 S.Ct. 295, 11 L.Ed.2d 224. In the case at bar the court treated defendant's written request for a clarification of sentence in such a way that the sentence was reduced. This was for defendant's benefit. He was in no way prejudiced by his absence or by the absence of his counsel.

■ The Kansas court had no power to change the Colorado sentence or to effect the applicability of § 3568 thereto. The original Kansas sentence was within the statutory limits of § 751(a), and the discretionary action of the trial court in regard thereto will not be upset on appeal. United States v. Stidham, 10 Cir., 459 F.2d 297, 300. The escape sentence was legal but could be reduced under Rule 35, F.R.Crim.P. The September 27, 1971, action of the court in reducing the three-year escape sentence by crediting the period of imprisonment between the arrest in August, 1970, and the sentence on September 13, 1971, was a reduction in the escape sentence. The February 14, 1972, order purported to remove the credit al-

lowed by the September 27 order and thereby increased the sentence. The February 14 order was invalid both because it augmented the sentence, United States v. Benz, 282 U.S. 304, 307, 51 S. Ct. 113, 75 L.Ed. 354 and Owensby v. United States, 10 Cir., 385 F.2d 58, 60, and because it was entered without the presence of either defendant or his counsel. Rule 43, F.R.Crim.P.

The order of February 14, 1972, is vacated and set aside. Otherwise the judgment and orders of the district court are affirmed.