**David Richard CAILLE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 73-2614.**

United States Court of Appeals, Fifth Circuit.

Nov. 26, 1973.

David Richard Caille, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

David Richard Caille appeals from an order of the district court, denying his motion attacking his sentence, filed pursuant to 28 U.S.C.A. § 2255.[1] We vacate the judgment below and remand the cause for further proceedings.

Appellant, represented by counsel, was convicted upon his plea of guilty of possessing, with intent to distribute, approximately two pounds of marihuana in violation of 21 U.S.C.A. § 841(a)(1). He

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

was sentenced on December 6, 1972, to a prison term of three years and fined $3000.00. There was no direct appeal.

Thereafter, the appellant petitioned the court below for a reduction of sentence in accordance with Rule 35, Federal Rules of Criminal Procedure. The district court denied the motion on January 29, 1973, but also added a special parole term of three years to the sentence, which is the minimum required by 21 U.S.C.A. § 841(b).

The appellant, in the present proceedings, attacks the enhancement of his sentence on grounds that he was not present in the court for this addition to it. He further contends that it was an error to sentence him twice for the same conviction. The court below denied relief, holding that the motion attacking the sentence had no merit, but stating no written reasons for the ruling.

Appellant is not entitled to relief on grounds that he was "sentenced twice." When the district court became aware that the mandatory special parole term provided by 21 U.S.C.A. § 841(b)(1) (A)[2] had not been imposed, it had a duty to comply with the statute. Bozza v. United States, 1947, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; United States v. Thomas, 2 Cir. 1973, 474 F.2d 1336, affirming, United States v. Thomas, E.D. N.Y.1972, 356 F.Supp. 173; Orrie v. United States, 8 Cir. 1962, 302 F.2d 695.

In the *Bozza* case, the prisoner had been convicted of offenses which carried mandatory sentences of fines as well as imprisonment, but the court had sentenced him only to terms of imprisonment. Some five hours later the court recalled Bozza and imposed the minimum mandatory fines, as well as terms of imprisonment within the limits provided by statute. On appeal, Bozza contended that the district court had no power to increase his sentence once he had begun to serve it, he having been removed after the first sentencing to a jail for transportation to the place where the sentence was to be served. The Supreme Court upheld the resentencing of Bozza on the conviction under the one count of the indictment which it affirmed. The Court stated its reasoning as follows:

"It is well established that a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal, Reynolds v. United States, 98 U.S. 145, 168–169, 25 L.Ed. 244; Murphy v. Massachusetts, 177 U.S. 155, 157, 20 S.Ct. 639, 640, 44 L.Ed. 711, or in habeas corpus proceedings. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. But in those cases it was recognized that an excessive sentence should be corrected, even though the prisoner had already served part of his term, not by absolute discharge of the prisoner, but by an appropriate amendment of the invalid sentence by the court of original jurisdiction, at least during the term of court in which the invalid sentence was imposed. Cf. De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202. In the light of these cases, the fact that petitioner has been twice before the judge for sentencing and in a federal place of detention during the five hour interim cannot be said to constitute double jeopardy as we have heretofore considered it. Petitioner contends, however, that these cases are inapplicable here because correction of this sentence so as to make it lawful increases his punishment. Cf. United States v. Benz, 282 U.S. 304, 309, 51 S.Ct. 113, 75 L.Ed. 354. If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. Cf. Jordan v. United States, 4 Cir., 60 F. 2d 4, 6, with Barrow v. United States,

2. Section 841(b)(1)(A) of Title 21 provides in pertinent part as follows:
    " * * * Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such prior conviction, impose a special parole term of at least 3 years, in addition to such term of imprisonment * * *."

54 App.D.C. 128, 295 F. 949. This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.' In re Bonner, supra at 260, 14 S.Ct. 323. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 15, 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' In re Bonner, supra at 260, 14 S.Ct. 323. It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense." (Footnotes omitted.) 330 U.S. at 166, 167, 67 S.Ct. at 648, 649, 91 L.Ed. at 821, 822.

In Orrie v. United States, 8 Cir. 1962, 302 F.2d 695, the prisoner had been sentenced to serve two years on an offense which carried a five-year mandatory minimum term. Three days later, the court had Orrie returned before it and resentenced him to serve five years. The district court's denial of his motion to vacate the sentence was affirmed on appeal. The appellate court held that since the sentence first imposed was illegal, Rule 35, F.R.Crim.P. authorized the trial court to correct it at any time.

In a case similar on its facts to the case *sub judice*, the Second Circuit recently affirmed without opinion, the district court's denial of Rule 35 relief. United States v. Thomas, 2 Cir. 1973, 474 F.2d 1336, affirming, United States v. Thomas, E.D.N.Y.1972, 356 F.Supp. 173. In the *Thomas* case, the district court upheld its subsequent addition of a three-year special parole term to a sentence of imprisonment which had been imposed some months earlier.

The New York district court reasoned that "Since the special parole term is a mandatory addition to the regular term of imprisonment, the sentence to a special parole term which was inadvertently omitted does not constitute an illegal increase in the sentence." 356 F.Supp. at 174. We agree.

We reach a different conclusion concerning the appellant's contention that he was entitled to be present at the proceedings wherein his sentence was modified.[3] Rule 43, F.R.Crim.P., provides in pertinent part that "The defendant shall be present . . . at the imposition of sentence. . . . " An exception stated by the Rule is that "The defendant's presence is not required at a reduction of sentence under Rule 35." See United States v. McCray, 10 Cir. 1972, 468 F.2d 446.

It is clear to us that addition of the three-year special parole term made the new sentence more onerous than it was previously. Accordingly, the appellant has the right to be present at such resentencing, in compliance with the relevant provision of Rule 43. See U. S. v. McCray, supra; United States v. Brown, 5 Cir. 1972, 456 F.2d 1112; Cook v. United States, 1 Cir. 1948, 171 F.2d 567, cert. denied 1949, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088; see also Williamson v. United States, 5 Cir. 1959, 265 F.2d 236.

The district court apparently was of the opinion that appellant need not be present because the special parole term imposed was the minimum authorized by the statute. In our view, however, imposition of the special parole term was not merely a ministerial act. If the district court had been aware at the time of sentencing that the special parole term must be imposed, it may well be that a shorter prison term would have been awarded. On remand that course will be open to the district court.

---

3. This point was not raised or adverted to in the *Thomas* case, supra.

Accordingly, we vacate the judgment below insofar as it held that the appellant was not entitled to be present when his sentence was amended by addition of the special parole term. The cause is hereby remanded to the district court with directions to resentence the appellant in proceedings at which he shall be present, and represented by counsel if he so desires.

Vacated and remanded, with directions.