Ulysses **TANNER**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**
No. 73-3594
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 16, 1974.

Ulysses Tanner, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

---

**PER CURIAM:**

On January 24, 1972, petitioner Tanner entered a plea of guilty to distribution of a controlled narcotic in violation of 21 U.S.C. § 841(a)(1) and received a term of ten years imprisonment. At the time of sentencing the trial court neglected to impose the special parole term required for such offenses by 21 U.S.C. § 841(b)(1)(A).[1] On March 28, 1973, the sentencing court moved to correct this error and, in the absence of petitioner and his counsel, amended the original judgment and commitment to provide for a special parole term of six years. Petitioner brought the present action under 28 U.S.C. § 2255 challenging that alteration of his sentence on two bases: (1) that the imposition after sentencing of a special parole term is prohibited by the Fifth Amendment's guarantee against double jeopardy and (2) that the due process clause of the Fifth Amendment and Rule 43 of the Federal Rules of Criminal Procedure require the presence of the defendant and his counsel whenever a sentence is made more burdensome. The district court denied petitioner a hearing and refused to vacate the entire parole period, but reduced the term of three years, the statutory minimum.

Petitioner's arguments on both the fact of additional punishment and the manner of its imposition are squarely controlled by the recent decision of this Court in Caille v. United States, 5 Cir. 1973, 487 F.2d 614. In that case the trial judge when sentencing a defendant for violation of 21 U.S.C. § 841(a)(1) had also inadvertently omitted from his judgment the mandatory special parole term. The court moved subsequently to amend the judgment in order to add the parole provision without benefit of the defendant's presence. In response to the allegation of "double jeopardy," construed as a claim that due process for-

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

1. 21 U.S.C. § 841(b)(1)(A) provides in relevant part that:

"Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of . . . a prior conviction impose a special parole term of at least 3 years in addition to such term of imprisonment . . . ."

bade such an assessment of punishment in two stages, we held that "[defendant] is not entitled to relief on the grounds that he was 'sentenced twice.' When the district court became aware that the mandatory special parole term provided by 21 U.S.C.A. § 841(b)(1)(A) had not been imposed, it had a duty to comply with the statute." 487 F.2d at 615.

We found greater merit, however, in the contention presented by Caille and raised here by Tanner that Rule 43 of the Federal Rules of Criminal Procedure requires a defendant's presence at the time the parole term is annexed to the core sentence.

"It is clear to us that addition of the three-year special parole term made the new sentence more onerous than it was previously. Accordingly, the appellant has the right to be present at such resentencing, in compliance with the relevant provision of Rule 43. [citations omitted]

"The district court apparently was of the opinion that appellant need not be present because the special parole term imposed was the minimum authorized by the statute. In our view, however, imposition of the special pa-

role term was not merely a ministerial act. If the district court had been aware at the time of sentencing that the special parole term must be imposed, it may well be that a shorter prison term would have been awarded. On remand that course will be open to the district court." 487 F.2d at 616–617.

In line with the holding in *Caille*, we reverse the judgment below insofar as it held that petitioner was not entitled to be present at the time his sentence was amended. This cause is remanded to the district court with directions to resentence petitioner in proceedings at which he shall be present and represented by counsel if he wishes. In this appeal petitioner has also pressed several attacks on the legality of the resentencing that he did not argue to the district court. In the exercise of its discretion this Court does not ordinarily consider matters raised for the first time on appeal, *see* Davis v. United States, 5 Cir. 1970, 424 F.2d 1061; on remand, however, petitioner is to be permitted the opportunity to amend his § 2255 motion to include all of the additional grounds for relief urged here.

Reversed and remanded.