**Alfred Burdette MAYFIELD,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 74–1308.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 11, 1974.

Decided Oct. 24, 1974.

Albert Burdette Mayfield, pro se.

James L. Treece, U.S. Atty., Denver, Colo., for respondent-appellee.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM

Appellant Mayfield was sentenced to five years imprisonment on July 7, 1972, by the United States District Court for the District of Colorado upon being convicted of possession of marijuana with intent to distribute. Subsequent to sentencing, the district court became aware

that it had neglected to impose, as part of the sentence, a special two-year parole term required by 21 U.S.C. § 841(b)(1)(B) and, on August 31, 1972, added this special parole term to the sentence imposed on July 7th. Mayfield filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255 on December 28, 1973, contending that the resentencing of August 31 was illegal for two reasons: 1) Neither Mayfield nor counsel was present at the resentencing proceedings; and 2) the resentencing to a more severe sentence constituted double jeopardy. The district court denied the petition based upon its conclusion that this court's recent decision in Garcia v. United States, 492 F.2d 395 (10th Cir. 1974) was dispositive of Mayfield's contentions. This appeal followed.

 Garcia is clearly dispositive of Mayfield's double jeopardy argument and we accordingly find no merit to this allegation. However, we think it equally clear that Mayfield had the right to be present at the time of resentencing and we accordingly reverse and remand to the district court for a third sentencing at which Mayfield is present.

Rule 43 of the Federal Rules of Criminal Procedure requires that a criminal defendant be present "at every stage of the trial including . . . the imposition of sentence . . . ." United States v. Behrens, 375 U.S. 162 at 165, 84 S.Ct. 295, 297, 11 L.Ed.2d 224 (1963). We recognize that an exception to this requirement applies to reductions of sentences under Rule 35. However, this is not such a case. Here, the severity of the original sentence was increased when the district court added the special two-year parole term required by § 841. Mayfield's presence was accordingly required at the resentencing. Thompson v. United States, 495 F.2d 1304 (1st Cir. 1974); Tanner v. United States, 493 F.2d 1350 (5th Cir. 1974); Caille v. United States, 487 F.2d 614 (5th Cir. 1973). See also, United States v. McCray, 468 F.2d 446 (10th Cir. 1972).

The parties were notified upon docketing that we were considering summary affirmance of this case. However, upon preliminary review, each was notified that we were considering summary reversal and of their respective rights to support or oppose such action. Each has now responded with a memorandum in support of such action. After carefully and thoroughly reviewing the files and records of this case, we have concluded that the judgment of the district court must be reversed to the extent that the district court concluded that Mayfield's presence was not required at the time of resentencing. We accordingly remand to the district court for resentencing at proceedings at which Mayfield is present, and if he wishes, represented by counsel.

Reversed and remanded.