Emanuel ST. ETIENNE,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 74–3581
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1975.

Emanuel St. Etienne, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

This appeal is from an order denying appellant's § 2255 motion to vacate sentence. We vacate the order, and remand for sentencing in conformity with *Caille v. United States*, 5 Cir., 1973, 487 F.2d 614.

On January 24, 1972, appellant entered a guilty plea to the charge of violating 21 U.S.C.A. § 841(a)(1), and was sentenced to a ten year prison term. Thereafter, the district court added a six year parole term to appellant's sentence although he was not before the court nor represented by counsel when his sentence was amended. He moved to vacate, and the parole term was reduced to three years, the minimum required by statute. *See* 21 U.S.C.A. § 841(b)(1)(A).

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

He then appealed the court's refusal to vacate even the three years parole term on the grounds that it was imposed in his absence and without representation of counsel. We responded by vacating the court's order, and directing that appellant be resentenced in conformity with *Caille v. United States, supra.*[1] *St. Etienne v. United States,* 5 Cir., 1973, 487 F.2d 1334. *See also Tanner v. United States,* 5 Cir., 1974, 493 F.2d 1350.

Upon remand, appellant and his counsel were present when the district court sentenced him, as before, to ten years in prison with a three year parole term. Neither appellant nor his counsel was given an opportunity for allocution pursuant to Rule 32, F.R.Crim.P. The entire proceeding was handled in a summary, perfunctory manner under an apparent misunderstanding as to the meaning of our mandate. The district court stated at one point:

> Counsel, he [appellant] is not being resentenced. All I am doing, in other words, the ten year term was imposed. In addition, I am imposing a three year special parole term.

A few moments later, the judge indicated that he "thought it [the Fifth Circuit] had only required a remand for purposes of imposing the three year parole term."

Appellant moved to vacate his reimposed sentence, but his motion was denied. This appeal followed.

 In directing that appellant be sentenced in conformity with *Caille,* it was our intent that he be resentenced in accordance with the procedural safeguards required therein. *See* note 1, *supra.* The rationale underlying the *Caille* decision is that the imposition of a statutory parole term does not involve "merely a ministerial act," but that resentencing *ab initio* is necessary. The district court might reduce the sentence, given the changed circumstances of the special parole term. 487 F.2d at 616. It follows therefore that appellant must be afforded all procedural safeguards ordinarily afforded at sentencing. Appellant must be resentenced accordingly.

Vacated and remanded with direction.

---

1. In *Caille,* we held that Rule 43, F.R.Crim.P., which requires that a defendant be present "at the imposition of sentence," applies when a minimum statutory parole term is added to a previously-imposed sentence. Furthermore, we held that a defendant is entitled to be "represented by counsel if he so desires" when the sentence is amended by adding the special parole term. 487 F.2d at 617.