**Russell HAZELWOOD, Appellant,**

v.

**Floyd ARNOLD, U. S. Penitentiary, Appellee.**

**No. 75–2005.**

United States Court of Appeals, Fourth Circuit.

Submitted April 23, 1975.

Decided Aug. 11, 1976.

Russell Hazelwood, pro se.

William B. Cummings, U. S. Atty., Norfolk, Va., for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and WIDENER, Circuit Judges.

PER CURIAM:

Russell Hazelwood appeals from an order of the district court dismissing his motion to vacate sentence (28 U.S.C. § 2255). Hazelwood was convicted of possession of heroin with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), and was initially sentenced to prison for a term of twelve years. While Hazelwood's direct appeal to this court of that conviction was pending (*United States v. Hazelwood*, No. 74–1422, 4 Cir. Nov. 4, 1974), the district court undertook to correct its judgment of sentence by adding the special mandatory three-year parole term required by the statute under which Hazelwood was convicted. (21 U.S.C. § 841(b)(1)(A)) Hazelwood initiated the present § 2255 proceeding, claiming that the initial sentence was illegal because it did not include the special parole term, that the parole term was added when he was not present in violation of Fed.R.Crim.P. 43, and that the initial sentence itself was illegal because no presentence investigation report was prepared pursuant to Fed.R. Crim.P. 32.

 Although a sentence imposed in a criminal case which does not conform to the applicable penalty statute is illegal, *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), Rule 35 of the Federal Rules of Criminal Procedure provides that the district court "may correct an illegal sentence at any time." Since the trial court had both the authority and the duty to correct its failure to impose the special three-year parole term required by 21 U.S.C. § 841(b)(1)(A), *Bell v. United States*, 521 F.2d 713, 716 (4 Cir. 1975),[1] and added

---

1. The addition of the mandatory special parole term did not enlarge the punishment the law exacted for [the] crime. Instead, the amended judgment lawfully corrected an illegal sentence from which the court had omitted an essential element.

*Bell v. United States, supra*, at 716. This statement, however, was not made in the context of

the special parole term when the requirement to do so became apparent, Hazelwood is not entitled to relief on the ground that his original sentence was illegal.

■ However, there is merit in Hazelwood's claim that he had the right to be present when the court added the three-year special parole term to his sentence and it was error to correct the sentence in his absence. The district court refused to grant petitioner any relief for the reason that Hazelwood could not challenge the imposition of the special parole term because that issue had been decided on direct appeal. We disagree.

The direct appeal was heard at oral argument by this court on October 4, 1974. On or about October 11, 1974, we received information from the clerk of the district court that the additional three-year parole term had been added to the original sentence. Thereafter, this court issued a per curiam opinion affirming Hazelwood's conviction. Although information had been furnished that the sentence had been amended at the time of the affirmance of Hazelwood's conviction it is clear that this court did not consider the effect of Hazelwood's resentencing. The only issue presented on appeal was whether there had been an illegal search and seizure at the time of Hazelwood's arrest. Since the improper procedure employed in Hazelwood's resentencing had not been properly presented to this court, we hold that Hazelwood can collaterally attack his sentence under § 2255.

■ A defendant has the right under Rules 32(a) and 43 of the Federal Rules of Criminal Procedure not to be sentenced for a felony *in absentia*.[2] In *Caille v. United States,* 487 F.2d 614 at 616, the court held:

The district court apparently was of the opinion that appellant need not be present because the special parole term imposed was the minimum authorized by the statute. In our view, however, imposition of the special parole term was not merely a ministerial act. If the district court had been aware at the time of sentencing that the special parole term must be imposed, it may well be that a shorter prison term would have been awarded. . . .

The fact that the district court in the instant case amended Hazelwood's sentence by imposing only the required three-year special parole term did not satisfy the pertinent requirement of Rule 43 that the defendant be present.

■ Hazelwood contends that the district judge erred in imposing the original sentence without ordering a presentence investigation and report under Rule 32(c) of the Federal Rules of Criminal Procedure. The ordering of a presentence investigation and report is discretionary, *see United States v. Rosciano,* 499 F.2d 166 (7 Cir. 1974). Hazelwood has not suggested how he may have been prejudiced by the omission of a presentence investigation report. Furthermore, at the original sentencing Hazelwood's counsel waived the preparation of such a report. The record contains the statement of counsel:

[W]e did not request a probation report, nor do we request one at this time, and if it suits the court, it suits us to go ahead and have the disposition hearing at this time.

Inasmuch as Hazelwood must be resentenced for the reason that he was not present when the three-year mandatory parole term was imposed we vacate Hazelwood's sentence and remand the case to the

---

determining whether a defendant had a right to be present when the parole term was imposed. In *Bell* the procedure that was approved included vacating the original sentence and resentencing to include the special parole term.

2. *See United States v. Behrens,* 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963); *Mayfield v. United States,* 504 F.2d 888 (10 Cir. 1974); *Thompson v. United States,* 495 F.2d 1304 (1

Cir. 1974); *United States v. Mack,* 494 F.2d 1204 (9 Cir. 1974); *Caille v. United States,* 487 F.2d 614 (5 Cir. 1973).

These courts of appeals, *supra,* that have addressed the question have held that a prisoner must be present and be represented by counsel when the court amends an existing sentence by adding a mandatory parole term.

district court for resentencing in proceedings at which Hazelwood is present and is accorded all procedural rights to which he is legally entitled at sentencing. *See St. Etienne v. United States,* 517 F.2d 695 (5 Cir. 1975). At such proceeding Hazelwood or his counsel may again elect to waive the presentence investigation and report. However, absent such waiver, the court may exercise its discretion with respect to ordering such investigation and report if it finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record. Rule 32(c)(1).

*Remanded for resentencing.*