LANIER, Judge.
The defendant, Larry W. Brisco, was charged by bill of information with two counts of attempted first degree murder in violation of La.R.S. 14:27 and 30. Both counts specifically charge the defendant committed the offenses “with a' .22 caliber revolver”. The bill of information was subsequently amended to allege two counts of attempted second degree murder. Brisco pled not guilty to both counts. After a trial by jury, Brisco was convicted (by a vote of 10-2) of two counts of the responsible verdict of attempted manslaughter in violation of La.R.S. 14:27 and 31. Brisco was sentenced on each count to serve six years in the custody of the Louisiana Department of Corrections (DOC). Pursuant to La.R.S. 14:95.2,[1] the district court ordered the sentence on each count enhanced by an additional two years in the custody of the DOC to be served without benefit of parole, probation or suspension of sentence. The court ordered the sentences to run concurrently with each other and concurrently with “any other charges ... pending against you in this or any other judicial district of this state.” This appeal followed.
FACTS
Brisco was convicted of shooting Lisa Weber and Joseph Weber with a .22 caliber revolver. Lisa Weber was shot in the chest; Joseph Weber was shot in the abdomen. This incident took place on August 27, 1983, at approximately 4:30 a.m. on *571 South Sixteenth Street in East Baton Rouge Parish.
COMPLIANCE WITH SENTENCING GUIDELINES
Brisco contends the district court judge failed to follow the sentencing guidelines of La.C.Cr.P. art. 894.1. A review of the judge’s reasons for sentence attached hereto as Appendix A shows this contention is patently without merit.
PATENT SENTENCING ERROR
La.C.Cr.P. art. 893.1 provides as follows:
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
A firearm was used by the defendant in the commission of the offenses. Attempted manslaughter is a felony. La.R.S. 14:27 and 31; La.C.Cr.P. art. 933(3). Article 893.1 (as well as La.R.S. 14:95.2) is applicable to the defendant’s sentences for these offenses. State v. Blache, 464 So.2d 1082 (La.App. 1st Cir.1985), writ granted, 468 So.2d 566 (La.1985); State v. Jackson, 454 So.2d 211 (La.App. 1st Cir.1984), writ granted, 468 So.2d 565 (La.1985); State v. Jones, 451 So.2d 1181 (La.App. 1st Cir.1984); State v. Stevenson, 447 So.2d 1125 (La.App. 1st Cir.1984), motion considered and denied, 450 So.2d 951 (La.1984); State v. McKnight, 446 So.2d 915 (La.App. 1st Cir.1984). In addition, pursuant to La.R.S. 14:95.2(B), the two year portions of the sentences must be served without credit for good time, and this was not provided in the sentences imposed. These are patent sentencing errors. La.C.Cr.P. art. 920.
La.C.Cr.P. art. 882 was amended by Act 587 of 1984 to authorize an appellate court to correct an illegal sentence on review. State v. Fraser, 471 So.2d 769 (La.App. 1st Cir.1985). The mandatory minimum sentence for each offense as charged herein, pursuant to La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2, is seven years at hard labor without benefit of parole, probation or suspension of sentence, with the last two years of the sentence being served without credit for good time.[2] The sentences imposed are less than the mandatory minimum. Where there is no sentencing discretion involved in correcting an illegal sentence, it is immaterial whether the correction is effected by the trial court or this court because the result will be the same. Fraser, 471 So.2d at 773. Accordingly, we exercise out authority granted by Article 882 and correct the illegal sentences herein by increasing them to the statutorily required minimum.
Since this appeal has resulted in a harsher sentence for the defendant, the predicate for a due process analysis has been established, and this court must show justification for the action taken. A defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence. Where a sentence is less than the statutory minimum, a court having authority to correct the sentence may increase the sentence “at any time” to the statutory minimum, and this action is not a due process violation. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); Llerena v. United States, 508 *572 F.2d 78 (5th Cir.1975); Tanner v. United States, 493 F.2d 1350 (5th Cir.1974); Caille v. United States, 487 F.2d 614 (5th Cir.1973); Reyes v. United States, 262 F.2d 801 (5th Cir.1959). This court has a statutory duty to inspect for patent sentencing errors and correct them regardless of whether such errors favor the State or the defendant. La.C.Cr.P. arts. 882 and 920. There is no retaliation or likelihood of vindictiveness when a court performs its statutory duty to correct an illegal sentence and increases the sentence to the minimum authorized by law. Such action merely imposes a valid punishment in place of an invalid one. Bozza, 330 U.S. at 167, 67 S.Ct. at 649. An illegal sentence is no sentence at all. Official Revision Comment (a) for La.C.Cr.P. art. 882. In United States v. Romero, 642 F.2d 392, 396 (10th Cir.1981), the court observed that “justice is not fostered by preventing the court from correcting an illegal sentence”. Since the defendant is being given the minimum sentence that he can legally receive, there is no due process violation. (If the defendant herein were given more than the mandatory minimum sentence, further justification would be required.)
EXCESSIVENESS OF SENTENCE
Brisco contends the district court imposed an excessive sentence.
A majority of the Louisiana Supreme Court has held that Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge is given a wide discretion in the imposition of sentence within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979). Although a sentence is mandatory, it is still subject to review for excessiveness. State v. Lively, 457 So.2d 1236 (La.App. 1st Cir. 1984). A punishment may be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering, or is grossly out of proportion to the severity of the crime. State v. Sims, 410 So.2d 1082 (La.1982). Important factors to consider in imposing sentence are the nature of the offense and the offender, the legislative purpose behind the punishment and a comparison of the defendant’s punishment with punishments imposed in other cases. State v. Telsee, 425 So.2d 1251 (La.1983). Concurrent rather than consecutive sentences are the usual rule for convictions arising out of a single course of criminal conduct where the offender has no previous criminal record and there is no showing that public safety requires a longer sentence. However, consecutive sentences are justified when the offender poses an unusual risk to public safety. La.C.Cr.P. art. 883; State v. Lewis, 445 So.2d 195 (La.App. 3rd Cir.1984), writ denied, 446 So.2d 1231 (La.1984); State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983). Maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Jones, 398 So.2d 1049 (La.1981).
The maximum sentence for each attempted manslaughter is ten and one-half years. Because the offenses were committed with a firearm, the maximum sentence exposure for each offense is increased to twelve and one-half years pursuant to La. R.S. 14:95.2. Each of these sentences must be served “without benefit of” and there is no credit for good time for the last two years of each. Thus, the maximum sentence exposure for both sentences herein would be twenty-five years if the maximum sentences were given and ordered to be served consecutively. The corrected mandatory minimum sentences actually imposed are each seven years and they will run concurrently.
*573 The defendant has an extensive criminal record of fifteen adult arrests resulting in eleven convictions. Some of these offenses were crimes of violence against the person.[3]
The firearm enhancement statutes reflect a deep concern by our legislature over the serious consequences of crimes involving firearms. State v. Hogan, 454 So.2d 1235 (La.App. 2nd Cir.1984).
Considering the manner in which the offenses were committed, the maximum sentence exposure, the defendant’s criminal record, and the reason for the firearm enhancement statutes, the imposition of the mandatory minimum sentence herein is not excessive. Cf. State v. Turner, 440 So.2d 834 (La.App. 2nd Cir.1983).
DECREE
For the foregoing reasons, pursuant to La.C.Cr.P. art. 893.1, the defendant’s sentence on each count is amended to provide that he shall serve five years at hard labor in the custody of the DOC without benefit of parole, probation or suspension of sentence. Pursuant to La.R.S. 14:95.2, the defendant’s sentence on each count is further amended to provide he shall serve an additional consecutive two years at hard labor in the custody of the DOC without benefit of parole, probation or suspension of sentence, and this portion of each sentence shall be served without credit for good time. The sentences on the two counts shall run concurrently with each other and concurrently with any other charges pending against him at the time he was originally sentenced.[4]
SENTENCES AMENDED AND AFFIRMED.
COLE, J., concurs in the result.
APPENDIX A
THE COURT: Okay. Mr. Brisco, I have, with your attorney, reviewed thoroughly your presentence investigative report provided to the Court by the — uh—by your probation and parole officer, which indicates that you have numerous arrests. In fact, you have eighteen, or fifteen adult arrests and eleven convictions — uh—beginning with arrest in 1974 for DWI, careless operation. You pled guilty and was sentenced on that particular matter. Uh— in ’75, you were again charged with DWI, second offense, you — uh—were—uh—pled guilty on that one and sentenced to a hundred and twenty days, suspended, placed on one year bench probation. You were, again, arrested for driving under suspension. You pled guilty and were sentenced to a fine on that one. Criminal trespass in ’76, you were found not guilty on that particular eharge. DWI in '77. You pled guilty on that charge, as well. In ’76, another DWI. You were placed on probation, again. In ’79, you were charged with illegal use of a weapon, you were — the charges against you were made — uh—were dismissed on one bill and you pled — uh— guilty to the other charge, wherein you were sentenced to some fine or jail time, it was made executory. You were charged in 1979 — your rap-sheet indicates murder. I assume it was attempted murder because— uh — the disposition indicates that, that was dismissed at the request of the victim. In 1979, you were charged with contempt of court — uh—a minor charge. You, also, were charged with drunk for which you were fined and given some jail time. And, a simple battery arrest in 1980 for which you were fined and — uh—convicted—uh— and fined for. You were charged again in that year for aggravated assault. You were fined. And, simple criminal damage to property on both of those matters for which you were convicted and fined. And, disturbing the peace in 1980, along with two counts of simple battery, aggravated battery, damage to property and simple drunk for which you were given thirty days suspended and fined again. And, then, you *574 committed the offense for which you were convicted of in this particular court, that is two counts of attempted manslaughter that the jury came back with. Taking all of the considerations of Article 894.1 into consideration there is, in this particular case, an undue risk that during the period of any type of suspended sentence, which is not even allowable by law, or probation — uh— that you will commit another crime because of the violent nature you’ve exhibited through your actions in the past. And, you are in need of correctional treatment or custodial environment that can best be provided by your commitment to an institution, and a lesser sentence would depricate the seriousness of your crime in this particular matter. On your — uh—benefit, the mitigating factors have been taken into consideration. That is that this is more probably a drinking related offense. And, it is obvious to this Court, at least, that you have a serious drinking problem because most of your rap-sheet consists of crimes for which you were either charged with drinking related offenses or charged with offenses for which you were under the influence of alcoholic beverage at the time that you committed it. The circumstances surrounding this particular case, and I recall them quite vividly, was that the two victims in this case came down to your house, after an altercation with your common-law wife, and were shot — uh—without just cause. However, it is understandable under the circumstances that this offense occurred, and only because of that — uh—leniency will be given to you to the extent that this Court sentences you to the Department of Corrections, for this particular charge, for a period of six years. That’s under the — uh—attempted first degree— uh — or attempted manslaughter in each of these cases under provisions of — uh—Title 14:95.1, that is the gun statute, which enhances the penalty and provides for additional penalty, you’re sentenced to an additional two years in the — uh—Department of Corrections without benefit of parole, probation or suspension of sentence. That’s with regard to each of these counts. Now, these counts will be concurrent with each other and concurrent with each — uh—or any other charges that you have presently — uh—pending against you in this or any other judicial district of this state. Now, that means a total of one— uh — eight years on each of these counts that you’ll have to serve. Two of those years to be without benefit of parole, probation or suspension of sentence. All right — uh—what is your present age, Mr. Brisco.

. In the sentencing transcript, the trial judge referred to La.R.S. 14:95.1 rather than La.R.S. 14:95.2. This same discrepancy appears in the court minutes of the sentencing. La.R.S. 14:95.1 proscribes the substantive offense of possession of a firearm by a person convicted of certain felonies and is not an enhancement statute like La.R.S. 14:95.2. The trial judge’s remarks when imposing the sentences clearly shows he intended to apply La.R.S. 14:95.2.

. In State v. Coleman, 465 So.2d 709 (La.1985), the Louisiana Supreme Court held the firearm enhancement statutes were not mandatory unless the district attorney either charged the use of a firearm or timely moved for enhancement. In the instant case, the district attorney did charge the use of a firearm and the statutes are mandatory. See State v. Wade, 470 So.2d 562 (La.App. 1st Cir.1985) (authored by Judge Lanier).

. The defendant does not contest these factual statements made by the trial judge in his sentencing reasons.

. Because the defendant does not contest the judgments of conviction, they are now final.