MARCUS, Justice.
Larry W. Brisco was charged by bill of information with two counts of attempted second degree murder in violation of La. R.S. 14:27 & 14:30.1. After trial by jury, defendant was found guilty of attempted manslaughter on both counts. Thereafter, the trial judge sentenced him to serve six years at hard labor on each count and enhanced each sentence under La.R.S. 14:95.2 by an additional two years without benefit of parole, probation or suspension of sentence. He directed the sentences to be served concurrently with each other and with any other charges pending against defendant in this state. The court of appeal affirmed and amended defendant’s sentences by increasing them to the statutorily required minimum provided by La. Code Crim.P. art. 893.1[1] and by other amendments not pertinent here.[2] This court granted defendant’s application for a writ of review and reversed that portion of the court of appeal’s judgment which increased his sentences and reinstated the sentences imposed by the trial court.[3] Defendant filed an application for post-conviction relief claiming that the bill of information which charged him with two counts of attempted second degree murder did not notify him that La.R.S. 14:95.2 would be applied to enhance his sentences. The trial judge denied relief finding that defendant’s claims were without merit. The court of appeal denied his application for writs finding that the penalties imposed under La.R. S. 14:95.2 were permissible because the bill of information charged defendant with the use of a firearm. On defendant’s application, we granted certiorari to determine whether charging the use of a firearm in the bill of information in connection with the commission of the crime adequately notified defendant that he would be subject to the enhanced sentencing provisions of La.R.S. 14:95.2 upon conviction.[4]
Under the United States and Louisiana Constitutions, a criminal defendant is guaranteed due process of law and notice of the nature and cause of the accusation against him. U.S. ConstAmend. XIV, § 1; La. Const, art. 1, § 2; U.S. ConstAmend. VI; La. Const, art. 1, § 13. In conformity with the constitutional right of an accused to be informed of the accusation against him, La.Code Crim.P. art. 464 provides for the nature and contents of an indictment:[5] *398 Nonetheless, La.R.S. 14:95.2 does not create a separate offense. The statute provides additional penalties for the use of a firearm or explosive device in the commission or attempted commission of specified felonies.[6] Accordingly, this court held that the state was not required to separately charge a defendant under La.R.S. 14:95.2 in order for the additional penalties to be imposed. State v. Roussel, 424 So.2d 226 (La.1982). This court overruled its decision in Roussel reasoning that although La.R.S. 14:95.2 does not define a fully independent crime, it does define criminal activity and does provide for an independent or supplemental penalty. Accordingly, we held that the accused must be informed in the bill of information or indictment of the nature and cause of the accusation against him in order to be subject to the enhanced penalty provisions for use of a firearm in the commission of certain enumerated crimes under La.R.S. 14:95.2. State v. Jackson, 480 So.2d 263 (La.1985).
*397 The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. [Emphasis added.]
*398 Defendant contends that the bill of information charging him with two counts of attempted second degree murder did not inform him of the additional two-year penalty for the use of a firearm in the commission of the crime. The bill of information alleged in count one that defendant attempted to kill Lisa Weber with a .22 caliber revolver. In count two, it was alleged that defendant attempted to kill Joseph Weber with a .22 caliber revolver. These allegations did not state that defendant would be subject to additional penalties for the use of the .22 caliber revolver in the commission of the crimes charged.
 We hold that the additional penalties for the use of a firearm or explosive device in the commission or attempted commission of an enumerated felony under La. R.S. 14:95.2 may not be imposed on an accused unless it is charged in a separate count of the indictment or information. This separate charge must inform defendant of the substance of La.R.S. 14:95.2, namely, that additional penalties will be imposed for the use of a firearm or explosive device upon conviction of an enumerated felony. In addition, it should state the official or customary citation of the statute; however, error in the citation or its omission will not preclude the enhancement of the sentence under La.R.S. 14:95.2.
In the instant case, the bill of information did not provide a separate charge informing defendant that additional penalties would be imposed for the use of a firearm upon conviction of an enumerated felony. Accordingly, defendant was not sufficiently informed of the nature and cause of the accusation against him and the additional two-year penalties enhancing defendant’s sentences must be vacated.
DECREE
For the reasons assigned, the additional two-year penalties enhancing defendant’s sentences are vacated.
COLE, J., respectfully dissents.

.La.Code Crim.P. art 893.1 provides:
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.

. 470 So.2d 569 (La.App. 1st Cir.1985).

. 485 So.2d 55 (La.1986).

. 512 So.2d 854 (La.1987).

. According to La.Code Crim.P. art. 461, the term " ‘indictment’ includes affidavit and information, unless it is the clear intent to restrict that word to the finding of a grand jury.”

. La.R.S. 14:95.2 provides:
A.Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, attempted aggravated kidnapping, or a violation of the Uniform Controlled Dangerous Substances Law, [footnote omitted] which is punishable by imprisonment, with or without hard labor, for five years or more, shall upon conviction serve a term of two years imprisonment for the first conviction and, upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.