944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin L. GRAHAM, Defendant-Appellant.
 No. 90-6445.
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1991.
Decided Sept. 19, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-90-42)
 Argued: Edward Henry Weis, Assistant Federal Public Defender, Charleston, W.Va., for appellant; Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.Va., for appellee.
 On Brief: Michael W. Carey, United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kevin L. Graham pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute cocaine base. He appeals his sentence of 135 months of imprisonment. We vacate the sentence and remand for resentencing.
 
 I.
 
 2
 On March 15, 1990, a grand jury returned a two-count indictment, charging Graham with conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. Graham entered into a plea agreement under which he agreed to plead guilty to the charge of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In return, the United States agreed to dismiss count two of the indictment. In the presentence report, the probation officer determined that Graham had seven criminal history points, putting him in criminal history category IV. The officer also calculated a base offense level of 32 and credited Graham with a 2-level reduction for acceptance of responsibility, resulting in a total offense level of 30. The corresponding guidelines range was 135-168 months.
 
 
 3
 At the sentencing hearing conducted on September 6, 1990, Graham objected to counting a New Jersey misdemeanor conviction in the criminal history score because, at that proceeding, he had not been represented by counsel, had not been offered appointed counsel, and had not waived counsel. According to the presentence report, "Graham was not represented by counsel although he was offered appointment of counsel if he could not afford one." Graham testified on this issue, but the district court rejected his testimony and accepted the recommendation in the presentence report. Graham moved to continue the sentencing to allow him time to obtain more evidence, but the court denied the motion, stating that if Graham obtained any documentary evidence, he could use it in his appeal.
 
 
 4
 On September 11, 1990, Graham filed a "Motion to Reopen or Reconsider Sentence." Appended to the motion was a letter from the court clerk of the City of Linden, New Jersey, Municipal Court, stating that the presiding judge did not offer Graham appointed counsel in the misdemeanor case at issue. On September 17, 1990, the district court granted Graham's motion to reopen or reconsider his sentence and ordered the probation department to conduct an inquiry into the New Jersey misdemeanor case. The probation officer confirmed the clerk's information by obtaining a letter from the Linden City municipal judge stating that he did not advise Graham of his right to be represented by counsel, either assigned or hired, during the disputed misdemeanor conviction.
 
 
 5
 In an order entered December 4, 1990, the district court reduced Graham's criminal history score to six, which placed Graham in criminal history category III. Though the lower criminal history category yielded an imprisonment range of 121-151 months, the district court found that 135 months remained the appropriate sentence. The district court did not hold a second sentencing hearing to consider where within the recalculated range Graham should be sentenced. This appeal followed.
 
 II.
 
 6
 Graham argues that he had a right to be present when the court reimposed his sentence. He maintains that the information corroborating his testimony at the first sentencing hearing changed his sentencing circumstances by demonstrating his veracity. Furthermore, after determining the new guidelines range, the court had discretion to reduce his sentence to 121 months, the bottom of the range. Because the court had discretion to resentence at a lower level, Graham argues that he had a right to be present at a hearing where he could argue for a sentence at the bottom of the new range, corresponding to the relative level of his original sentence. Cf. Caille v. United States, 487 F.2d 614 (5th Cir.1973) (defendant has a right to be present at discretionary imposition of parole term where the district court may well have imposed a shorter prison term had it been aware of it at time of sentencing).
 
 
 7
 The right of a defendant to be present at criminal proceedings is rooted in the confrontation clause of the sixth amendment, the due process clause of the fourteenth amendment, and a common law right of presence. United States v. Washington, 705 F.2d 489, 496 (D.C.Cir.1983). The right applies not only to the trial proceedings, but extends to all critical stages of the prosecution. Kentucky v. Stincer, 482 U.S. 730, 745 (1987); see also United States v. McCoy, 429 F.2d 739, 742 (D.C.Cir.1970). In certain situations, " '[t]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence....' " United States v. Gagnon, 470 U.S. 522, 526 (1985) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934)).
 
 
 8
 The right to be present was embodied in Rule 43(a) of the Federal Rules of Criminal Procedure, which states that "[t]he defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and the imposition of sentence, except as otherwise provided by this rule." However, Rule 43 provides one exception to the genral requirement. Rule 43(c)(4) provides that a defendant need not be present at a reduction of sentence under Rule 35.[1] Rule 35(a) states in relevant part that "[t]he court shall correct a sentence that is determined on appeal...." (emphasis added). In the instant case, the sentence had not yet been appealed; therefore, Rule 35(a) clearly does not apply. Rule 35(b) states that "[t]he court, on motion of the Government, may ... lower a sentence to reflect a defendant's subsequent, substantial assistance...." In the instant case, Graham, rather than the government, made the motion to reopen or reconsider his sentence for reasons unrelated to substantial assistance. Therefore, Rule 35(b) also does not apply.
 
 
 9
 Inasmuch as Rule 35 does not apply, the exception in Rule 43(c)(4) does not apply, and Rule 43(a) requires Graham's presence at resentencing. Because Graham was not afforded a hearing, he is entitled to a resentencing hearing where he can allocute and renew his plea for a sentence at the bottom of the new range.[2]
 
 
 10
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 [1]
 Rule 35. Correction of Sentence
 (a) Correction of a Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court
 (1) for imposition of a sentence in accord with the findings of the court of appeals;
 (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.
 (b) Correction of Sentence for Changed Circumstances. The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such a sentence to a level below that established by statute as a minimum sentence.
 
 
 [2]
 The plea agreement also provided: "At final disposition, the United States will advise the Court of the nature and extent of Mr. Graham's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give same such weight as the Court deems appropriate." Graham argues that the government violated the terms of his plea agreement by failing to inform the sentencing court of his forthrightness with law enforcement officers. We find it unnecessary to reach this issue. At resentencing, the court will have the opportunity to consider this matter and to evaluate any additional information that the government may offer