**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

DARYL D. EMMONS,

Defendant - Appellee.

No. 96-3093

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D. Ct. Nos. 92-10064-03, 95-CV-3400)**

---

Submitted on the briefs:

Jackie N. Williams, United States Attorney, Connie R. DeArmond, Assistant U.S. Attorney, and Annette B. Gurney, Assistant U.S. Attorney, Wichita, Kansas, for Plaintiff-Appellant.

Daniel E. Monnat, Monnat & Spurrier, Wichita, Kansas, for Defendant-Appellee.

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[1]

---

[1]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

TACHA, Circuit Judge.

The government appeals the order of the district court granting Daryl Emmons's 28 U.S.C. § 2255 motion to vacate his conviction and sentence. The district court concluded that the Double Jeopardy Clause prohibited the government from punishing Emmons for a criminal offense and forfeiting his property for that same offense in a separate civil proceeding. While the government's appeal was pending, the Supreme Court decided United States v. Ursery, 116 S. Ct. 2135 (1996), holding that an in rem civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause. We conclude that the holding in Ursery should be applied retroactively to this case. Thus, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse the district court's order vacating Emmons's conviction and sentence.

## BACKGROUND

In September 1992, the federal government commenced a civil forfeiture action, pursuant to 21 U.S.C. § 881(a)(7), against three parcels of real property upon which marijuana plants were growing. Emmons filed a claim in the forfeiture action, but he did not identify which of the three parcels he claimed or the nature of his interest. In late 1993, Emmons and three other claimants to the property entered into a stipulation for a compromise settlement of the civil

forfeiture action. The claimants agreed to give the government $10,000 in exchange for the release of the real property and dismissal of the claimants from the forfeiture action. The district court approved the settlement agreement in an order dated November 16, 1993.

In October 1992, the government prosecuted Emmons for his involvement in growing marijuana on the three parcels of land. The government charged Emmons with one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846 and one count of knowingly possessing with intent to distribute 846 marijuana plants in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On March 23, 1993, a jury convicted Emmons on both counts. The district court sentenced Emmons to 121 months imprisonment, but later reduced the term of incarceration to 63 months.

Emmons moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court granted the motion on December 19, 1995. The government filed a "Motion and Memorandum to Reconsider Court's Memorandum and Order" on December 18, 1995, which the district court denied on February 6, 1996. The government filed its notice of appeal on March 6, 1996.

**DISCUSSION**

**1.      Timeliness of the Government's Notice of Appeal**

As a preliminary matter, we must determine whether we have jurisdiction to hear the government's appeal. Under Federal Rule of Appellate Procedure 4(a)(1), the government has sixty days from the entry of the district court's order to file its notice of appeal. Rule 4, however, provides that the 60-day period is tolled upon a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. App. P. 4(a)(4)(C).

Emmons contends that the government's Motion and Memorandum to Reconsider Court's Memorandum and Order did not constitute a motion under Rule 59(e). Accordingly, Emmons argues that the time for filing a notice of appeal was not tolled while that motion was pending. Emmons contends that because the government filed its notice of appeal after expiration of the 60-day filing period expired, the government's notice of appeal is untimely and we lack jurisdiction to hear the appeal. We disagree.

In <u>Hatfield v. Board of County Commissioners for Converse County</u>, 52 F.3d 858, 861 (10th Cir. 1995), we stated:

> The Federal Rules of Civil Procedure recognize no "motion for reconsideration." Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Alternatively, if the motion is filed more than ten days after the entry of judgment, it is

- 4 -

considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). This distinction can be significant in determining the timeliness of a notice of appeal, for a Rule 59(e) motion tolls the 30-day period, while a Rule 60(b) motion does not.

(Citations omitted). See also Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703-04 (10th Cir. 1988) ("This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e).").

In this case, the government filed its Motion to Reconsider within ten days of the district court's order vacating Emmons's conviction and sentence. In the first paragraph, the government states that it is seeking relief pursuant to Fed. R. Civ. P. 59(e). The government then makes a detailed argument contending that the district court committed a manifest error regarding a material question of fact or law in granting Emmons's § 2255 motion. Under these circumstances, we conclude that the government's Motion and Memorandum to Reconsider Court's Memorandum and Order constitutes a Rule 59(e) motion. Thus, we find that the government timely filed its notice of appeal, and we have jurisdiction to hear this appeal.

**2.     Double Jeopardy**

On June 24, 1996, the Supreme Court held that an in rem civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause. United States v. Ursery, 116 S. Ct. 2135, 2149 (1996). Justice Rehnquist, writing

for the majority, began his discussion by noting that "[s]ince the earliest years of this Nation, Congress has authorized the Government to seek parallel in rem civil forfeiture actions and criminal prosecutions based upon the same underlying events." Id. at 2140. Moreover, in reviewing the Supreme Court case law involving civil forfeiture under the Double Jeopardy Clause, the Court observed that "[o]ur cases . . . adhere to a remarkably consistent theme." Id. at 2142 (discussing Various Items of Personal Property v. United States, 282 U.S. 577 (1931); One Lot Emerald Stones v. United States, 409 U.S. 232 (1972); and United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984)). The Court found that "the conclusion was the same in each case: in rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." Id. The Court also cited Gore v. United States, 357 U.S. 386, 392 (1958), for the proposition that "[i]n applying a provision like that of double jeopardy, which is rooted in history and is not an evolving concept . . . a long course of adjudication in this Court carries impressive authority." Ursery, 116 S. Ct. at 2142.

The Court concluded that United States v. Halper, 490 U.S. 435 (1989); Austin v. United States, 509 U.S. 602 (1993); and Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767 (1994) were consistent with its holding.

- 6 -

See Ursery, 116 S. Ct. at 2143-44. The Court emphasized that "[n]one of those decisions purported to overrule the well-established teaching of Various Items, Emerald Cut Stones, and 89 Firearms." Id. at 2144. The Court explained:

> In sum, nothing in Halper, Kurth Ranch, or Austin, purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause. Congress long has authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings, and this Court consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause. It would have been quite remarkable for this Court both to have held unconstitutional a well-established practice, and to have overruled a long line of precedent, without having even suggested that it was doing so. Halper dealt with in personam civil penalties under the Double Jeopardy Clause; Kurth Ranch with a tax proceeding under the Double Jeopardy Clause; and Austin with civil forfeitures under the Excessive Fines Clause. None of those cases dealt with the subject of this case: in rem civil forfeitures for purposes of the Double Jeopardy Clause.

Id. at 2147.

Emmons acknowledges the holding of Ursery, but urges us to find that Ursery announces a new rule of law that should not be applied retroactively in his case. Emmons relies on Teague v. Lane, 489 U.S. 288, 290 (1989), in which the Supreme Court held that absent some exceptions, a new rule of law "will not be applicable to those cases which have become final before the new rule [is] announced." In explaining what may constitute a "new rule" for retroactivity purposes, the Court in Teague stated:

> In general, . . . a case announces a new rule when it breaks new

ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.

Id. at 301 (citations omitted).

Given that the Supreme Court based its decision in Ursery upon the "well-established teaching" and "traditional understanding" of a "long line of precedent," we conclude that the Court in Ursery did not announce a new rule of law under the standard articulated in Teague. Instead, we interpret Ursery as clarifying and reaffirming the longstanding rule that an in rem civil forfeiture proceeding is not punishment for purposes of the Double Jeopardy Clause. Accordingly, we apply the holding in Ursery retroactively. Because the government may constitutionally punish Emmons for a criminal offense and forfeit his property for that same offense in a separate civil proceeding, we REVERSE the district court's order granting Emmons's § 2255 motion and REMAND with directions to reinstate Emmons's conviction and sentence.