**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERMAN B. SLATER,

Defendant - Appellant.

No. 96-3382

D. Kansas

(D.C. No. 96-3201-EEO)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Herman B. Slater appeals the district court's denial of his pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He contends that the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court erred by: 1) denying him an evidentiary hearing on his double jeopardy claim; 2) ruling that he was not entitled to discovery; and 3) ruling that he was not entitled to a default judgment when the government failed to respond timely to his motion. For the reasons stated below, we deny a certificate of appealability[1] and dismiss the appeal.

The district court thoroughly discussed the background and law relevant to Slater's § 2255 claim that he was subjected to double jeopardy in violation of the Fifth Amendment. R. Vol. 1, Tab 226; United States v. Slater, Nos. 90-20043-01, 96-3201-EEO, 1996 WL 594055 (D. Kan. Sept. 17, 1996). The district court concluded that, even if the complained of action did constitute a civil forfeiture, United States v. Ursery, 116 S. Ct. 2135, 2146 (1996), forecloses Slater's double jeopardy argument. The court also found that Ursery does not announce a new rule of law whose retroactive application is prohibited under Teague v. Lane, 489 U.S. 288, 301 (1989). We agree. United States v. Emmons, ___ F.3d ___, No. 96-3093, 1997 WL 66158 (10th Cir. Feb. 18, 1997).

---

[1]Slater filed his appeal after the effective date of the Antiterrorist and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2253(c), and he applied for a certificate of appealability as required by the AEDPA. However, he now contends that the AEDPA does not apply to his appeal, since his original motion was filed before its effective date. We disagree. We have previously held that "the certificate of appealability provision applies to pending § 2255 cases in which the notice of appeal is filed after the effective date of the AEDPA." United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997).

Since an in rem civil forfeiture[2] does not constitute punishment under <u>Ursery</u>, Slater was not entitled to either discovery or an evidentiary hearing on his double jeopardy claim. Moreover, we find no merit to his argument that the court should have entered a default judgment against the government due to its failure to respond timely. Pursuant to Rule 6.1, United States District Court District of Kansas, Rules of Practice and Procedure, the government made a motion for an extension of time in which to respond. The district court had discretion to grant the motion, and Slater has shown no abuse of that discretion. <u>Hernandez v. George</u>, 793 F.2d 264, 266 (10th Cir. 1986).

APPLICATION FOR CERTIFICATE OF APPEALABILITY DENIED AND APPEAL DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]Slater also makes the conclusory statement that <u>Ursery</u> does not apply to his case, which involves an in personam, rather than an in rem forfeiture. However, he cites no factual or legal support for his contention that the alleged forfeiture of his property was in personam. We do not consider such unsupported arguments. <u>Brownlee v. Lear Siegler Management Servs. Corp.</u>, 15 F.3d 976, 977-78 (10th Cir. 1994).