F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ORESTES L. ABREU,

Defendant-Appellant.

No. 97-4195
(D.C. Nos. 96-CV-25-S
&
96-CR-25-S)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Orestes L. Abreu filed this appeal to seek review of the district court's resolution of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On May 28, 1997, the district court granted the motion in part, vacating convictions for use of a firearm in connection with a drug trafficking crime on the grounds that Abreu had not "used" a firearm within the meaning of 18 U.S.C. § 924(c)(1). See Bailey v. United States, 516 U.S. 137, 143-44 (1995). In all other respects, the court denied the § 2255 motion. The district court resentenced Abreu during a resentencing hearing held July 15, 1997.

Proceeding pro se, Abreu filed a motion to resolve pending issues, dated August 16, 1997, which the district court denied as moot on September 19, 1997. He then filed a pro se notice of appeal, dated November 21, 1997, challenging his modified sentence and also the denial of the remaining § 2255 claims. This court's review was hampered by the inadequacy of Abreu's pro se filings and the lack of a transcript of the resentencing hearing. Accordingly, we appointed the office of the federal public defender to represent Abreu on issues related to his resentencing. We have now received appellant's brief which has greatly assisted the court on the issues presented.

Counsel's brief, filed pursuant to Anders v. California, 386 U.S. 738 (1967), correctly points out that Abreu's notice of appeal is untimely. See Fed. R. App. P. 4(a) (establishing a sixty-day period for filing a notice of appeal in a civil

-2-

action in which the United States is a party); see also Fed. R. App. P. 4(b) (establishing a ten-day period for filing a notice of appeal in a criminal case.) Moreover, the motion to resolve pending issues did not toll the time for filing the notice of appeal. See United States v. Emmons, 107 F.3d 762, 763-64 (10th Cir. 1997) (stating that a motion filed within ten days after entry of judgment is a Rule 59(e) motion to alter or amend judgment, which tolls the time period for filing the notice of appeal; otherwise it is a Rule 60(b) motion seeking relief from judgment, which does not toll the time period).

A timely notice of appeal is "'mandatory and jurisdictional.'" United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991) (quoting United States v. Robinson, 361 U.S. 220, 224 (1960)). We are therefore without jurisdiction to consider this appeal. Accordingly, the appeal is DISMISSED. Appellant's counsel's motion to withdraw is granted. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge