F I L E D
United States Court of Appeals
Tenth Circuit

MAY 2 2003

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERIC WILLIAM BLY,

Defendant-Appellant.

No. 02-6034

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 01-CV-892-A &
D.C. Crim. No. 96-CR-108-A)

---

Submitted on the briefs:

Eric William Bly, pro se.

Robert G. McCampbell, United States Attorney, Leslie M. Maye and Kim Kakish,
Assistant U.S. Attorneys, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **SEYMOUR** , **KELLY** , and **LUCERO** , Circuit Judges.

---

**KELLY** , Circuit Judge.

---

Defendant Eric William Bly timely appeals from an order modifying his sentence on the government's motion for reconsideration in this 28 U.S.C. § 2255 proceeding. *See* Fed. R. App. P. 4(a)(1), (4); Fed. R. Civ. P. 59(e); *United States v. Emmons*, 107 F.3d 762, 764 (10 th Cir. 1997) (applying civil trial and appellate rules to determine timeliness of notice of appeal from order disposing of Rule 59 motion in § 2255 proceeding). [1] We remand for further proceedings. [2]

Following his conviction on numerous drug trafficking offenses, Bly was sentenced to mandatory terms of life imprisonment based on both the quantity of drugs involved and his prior drug offenses, pursuant to 21 U.S.C. § 841(b)(1)(A) and § 851. On appeal, however, this court held that the government had failed to prove Bly was in fact the man convicted of the prior offenses and, therefore, we "vacate[d] Mr. Bly's sentence and remand[ed] for resentencing de novo on this issue." *United States v. Green*, 175 F.3d 822, 836 (10 th Cir. 1999). On remand,

---

[1]    We reject the government's argument that this appeal should be dismissed as untimely under the much more restrictive rules governing criminal appeals. The government chose to proceed by way of a civil motion for reconsideration and, consistent with the authority cited above, Bly's notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a) after that motion was decided. We decline to recast the relevant procedural events after the fact in such a way as to cut off appeal rights.

[2]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

the district court heard additional evidence tying Bly to the prior offenses and reimposed the life sentences. We affirmed. *United States v. Bly*, No. 99-6287, 2000 WL 376628 (10 th Cir. filed Apr. 13, 2000).

In the meantime, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and Bly commenced this § 2255 proceeding challenging his sentences because they rested on court-found facts which, under *Apprendi*, must be determined by a jury. Lacking the authoritative guidance later provided by *United States v. Mora*, 293 F.3d 1213, 1219 (10 th Cir.) (holding *Apprendi* does not apply retroactively to collateral proceedings), *cert. denied*, 123 S. Ct. 388 (2002), the district court applied *Apprendi* and reduced Bly's nine life sentences to the twenty-year statutory maximum for an unenhanced drug offense on each count, all to run concurrently. The government moved for reconsideration. The district court did not retract its application of *Apprendi* but did hold that, pursuant to United States Sentencing Guideline § 5G1.2(d) and this court's decision in *United States v. Price*, 265 F.3d 1097, 1108-09 (10 th Cir. 2001), *cert. denied*, 122 S. Ct. 2299 (2002), the structuring of Bly's separate sentences had to be modified so that in aggregate they would match as far as possible the total punishment prescribed for the relevant conduct determined at sentencing (i.e., a life sentence). *See also United States v. Lott*, 310 F.3d 1231, 1242-43 (10 th Cir. 2002), *cert. denied*, 2003 WL 558054 (U.S. Mar. 24, 2003) (No. 02-8948).

-3-

Accordingly, the district court declared that Bly was "resentenced to twenty years each on Counts 1, 9, 11, 13, 15, 17, 19, 46, and 54, to run consecutively, for a total of 180 years." R. doc. 1017 at 2. Bly then commenced this appeal.

Bly claims the sentence ultimately imposed still violates *Apprendi*; he also objects to the time and procedure of its imposition. His *Apprendi* claim is that because the total-punishment benchmark used to implement § 5G1.2(d) derived from facts not found by a jury, the district court violated *Apprendi* in the course of correcting his sentence in the manner prescribed by *Price* and *Lott*. Even if we could consider such an argument–regarding the proper application of *Apprendi* in a collateral proceeding in which the defendant was not entitled to the benefit of *Apprendi* at all–this circuit's decisions in *Price* and *Lott*, interpreting § 5G1.2(d) and explaining its implementation, are binding on us and foreclose Bly's claim.

We are also not persuaded by Bly's argument that the district court lacked jurisdiction to act on the government's motion for reconsideration. Bly insists the motion was barred by the strict constraints on the court's power to correct sentences under Rule 35 of the Federal Rules of Criminal Procedure. As noted above in connection with the question of our own jurisdiction, however, the government's motion to reconsider the initial sentence correction ordered in this § 2255 proceeding was properly considered, rather, under Rule 59 of the Federal

Rules of Civil Procedure. [3] *See Emmons* , 107 F.3d at 764; *see also United States v. Moore* , 83 F.3d 1231, 1233-34 (10 th Cir. 1996) (recognizing § 2255 as distinct source of jurisdictional authority over sentencing matters and holding that, as to questions of procedure, "Rule 35 is not a guide for 28 U.S.C. § 2255"). As such, the motion was timely and afforded the district court jurisdiction to reconsider and substantively amend its original decision.

Finally, Bly argues that, in any event, he had a right to be present when his reduced sentence was reconsidered and increased from 20 years to 180 years of imprisonment. This court has held on several occasions that a defendant must be present whenever "the severity of the original sentence [i]s increased." *Mayfield v. United States* , 504 F.2d 888, 889 (10 th Cir. 1974); *see United States v. Rourke* , 984 F.2d 1063, 1065-66 (10 th Cir. 1992) (following *Mayfield* ); *United States v. McCray* , 468 F.2d 446, 451 (10 th Cir. 1972) (holding defendant must be present for increase in sentence, but not for reduction). However, these cases were based on Rule 43(a) of the Federal Rules of Criminal Procedure, and none involved the correction of a sentence under § 2255–a context in which, as we have seen, the operation of the criminal rules on sentencing is not a straightforward matter.

---

[3] We emphasize that the initial action taken by the district court was simply a mechanical reduction of sentence as requested by the defendant; it did not entail a vacatur of sentence followed by a de novo resentencing proceeding. We need not decide which rules would govern in the latter event.

Of course, a defendant's right to be present for sentencing has constitutional roots as well. *See, e.g., United States v. Alvarez-Pineda*, 258 F.3d 1230, 1240-41 (10th Cir. 2001); *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994). But this suggests another complicating inquiry turning on the peculiar nature of the ruling under review: is an attenuating correction of an initially favorable § 2255 remedial order, particularly a correction implementing a nondiscretionary Guideline directive, properly equated with a "sentencing proceeding" for purposes of constitutional strictures?

Had the district court vacated Bly's sentences for de novo resentencing and then imposed consecutive sentences under § 5G1.2(d), his rights would be clear. When such an approach is followed to offset a sentence reduction obtained by the defendant under § 2255, the process is properly deemed a sentencing proceeding. *Moore*, 83 F.3d at 1235 (holding that, in resentencing after vacatur of sentence under § 2255, defendant "stood in the position of a [convicted] defendant who had . . . originally briefed the sentencing issues, and was awaiting sentence"); *see, e.g.*, *United States v. Easterling*, 157 F.3d 1220, 1222-24 (10th Cir. 1998); *United States v. Rudolph*, 190 F.3d 720, 722 (6th Cir. 1999). Admittedly, this case is not as clear-cut, but absent authority distinguishing the constitutional and Rule 43 precedent cited above and specifically holding that corrective, non-discretionary increases to sentence may be summarily imposed in § 2255

proceedings to offset previously granted reductions, we will not discount such "a central principle of the criminal justice system" as a defendant's right to be present at sentencing. *United States v. Torres-Palma*, 290 F.3d 1244, 1248 (10th Cir. 2002) (also noting violation of right is "*per se* prejudicial").

The government argues Bly is not entitled to relief on this claim for two reasons. Neither is persuasive. First, the government notes Rule 43 specifically excepts from its scope sentence corrections made pursuant to Rule 35, contends the increase in Bly's sentence is of the sort permitted by Rule 35(c),[4] and, in this context, refers to its request for reconsideration as a "Rule 35 motion." However, the government specifically sought relief pursuant to Rule 59, *see* R. doc. 1006 ("Motion for Reconsideration," which begins: "Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Plaintiff-Respondent United States of America, respectfully requests this Court to reconsider and amend its judgment that was rendered in favor of Defendant-Movant Eric William Bly."), and the district court proceeded accordingly, *see* R. doc. 1017 (reciting government had sought relief under Rule 59(e) and granting relief requested without mentioning Rule 35). Again, we will not retroactively recast the proceedings and alter the nature and consequences of procedural actions taken by the parties in the district

---

[4] The provision in Rule 35(c) applicable here was moved to subsection (a) by the 2002 amendments to the Rule.

court. To do so would be particularly inappropriate here, where the district court increased Bly's *Apprendi* -reduced sentences some forty-nine days after they were imposed and, thus, the government's reliance on Rule 35(c), which contemplates the court "acting within 7 days" of sentencing, would be ineffectual unless we also resolved, in its favor, the unsettled tolling-by-motion issue debated at length in its brief. [5]

The government also points out that, in the end, "Bly received the same sentence (i.e., life imprisonment) that he had received at both his prior sentencing hearings," and insists we should therefore conclude that "Bly's rights were not violated." Aplee. Br. at 32. This argument rests on a patently faulty comparison. Bly's extant sentence at the time the district court heard the government's motion for reconsideration committed him to prison for 20 years. After the court granted the motion, he was committed to prison for 180 years. To avoid acknowledging the obvious gulf between these two sentences, the government must employ a crucial, albeit tacit, assumption: once a defendant's sentence has been reduced, it may thereafter be summarily increased up to the initial level without implicating any constitutional or other procedural rights of the defendant. The government

---

[5]     A helpful collection of cases touching on the question whether a motion under Rule 35(c) tolls the rule's seven-day deadline for correction of sentence is set out in *United States v. Prieto-Zubia* , No. 00-2055-01-KHV, 2001 WL 950225 (D. Kan. July 3, 2001).

cites no authority for this rather remarkable idea, and we consider it facially implausible.

We do acknowledge, both to explain our holding and to clarify its reach, an important distinction the government's argument suggests but does not properly rest on. We have held only that, following the reduction of Bly's sentences under *Apprendi* , the total term originally imposed did not set some sort of quantitative threshold below which subsequent increases could be imposed without regard to constitutional or procedural constraints otherwise applicable. This holding should not be misconstrued to imply that if a district court issues an order in a § 2255 proceeding favorable to the defendant (such as the reduction in Bly's sentence under *Apprendi* ), the court cannot, on reconsideration, decide that *that ruling* was incorrect (as, indeed, it was here under *Mora*) and simply vacate its order without conducting formal resentencing. In relation to the idea of true resentencing in § 2255 proceedings, it is important to distinguish between (a) simply vacating an erroneous ruling that had had a favorable effect on a defendant's sentence, and (b) revisiting a previously reduced sentence and increasing it *for some other reason* . The consecutive-term restructuring of Bly's *Apprendi* -reduced sentence under § 5G2.1(d) and *Price* clearly falls into the latter category, which possesses enough of the character of traditional sentencing to invoke the constitutional and procedural guarantees discussed above.

In sum, then, we conclude the district court had jurisdiction to consider the government's motion for reconsideration, but, in granting relief involving an increase to Bly's modified sentence, the district court should have afforded Bly the procedural guarantees criminal sentencing traditionally entails. Accordingly, we remand the case to the district court to vacate its order recasting Bly's terms of imprisonment as consecutive. On remand, the court may conduct any further proceedings it deems appropriate, consistent with this opinion.

The cause is REMANDED to the district court to VACATE its resentencing order of October 16, 2001, and then to conduct any further proceedings it deems appropriate, consistent with this opinion.