Kerry FOX et al., Plaintiffs,

v.

AMERICAN AIRLINES,
INC., Defendant.

No. CIV.A.02–2069 RMU.

United States District Court,
District of Columbia.

Dec. 15, 2003.

Joel David Joseph, Bethesda, MD, for Plaintiffs.

Ronald G. DeWald, Lipshultz and Hone, Chartered, Silver Spring, MD, for Defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

#### DENYING THE PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

## I. INTRODUCTION

■ This matter comes before the court on the plaintiffs' motion to alter or amend judgment.[1] The plaintiffs argue that the court should reconsider its order granting the defendant's motion to dismiss because the plaintiffs' counsel did not receive the defendant's motion to dismiss the amended complaint and because their amended complaint alleges a valid cause of action. Given that plaintiffs' counsel should have known of the pending motion to dismiss and because a motion to alter or amend judgment is not an opportunity to reargue legal theories on which the court has already ruled, the court denies the plaintiffs' motion.

## II. BACKGROUND

### A. Factual History

The suit stemmed from the plaintiffs' November 2001 flight from Baltimore–Washington International Airport ("BWI") to Laredo, Texas. Am. Compl. at 3–8. According to the amended complaint, plaintiff Kerry Fox, who suffers from advanced diabetes, experienced life-threatening insulin shock during the trip, requiring the aircraft to make an emergency landing in Nashville, Tennessee. *Id.* at 4–5. In light of Mr. Fox's medical condition, the plaintiffs allege that airline personnel were supposed to monitor him during the flight, but neglected to do so. *Id.* at 4. Further, the airline personnel did not administer medical aid to him during his emergency. *Id.* at 5. After medical personnel revived Mr. Fox at the Nashville airport, the family continued on to Laredo. *Id.* at 5. During the trip to Laredo and the return to BWI, the defendant's employees repeated-

---

1. Because the plaintiffs filed their motion within the 10–day period set for Rule 59(e) motions, the court treats the motion as a Rule 59(e) motion to alter or amend the judgment, as opposed to a Rule 60(b) motion seeking relief from a judgment or order. *United States v. Emmons,* 107 F.3d 762, 764 (10th Cir.1997) (applying filing-date-determinative rule); *Small v. Hunt,* 98 F.3d 789, 797 (4th Cir.1996) (treating filing as Rule 59(e) motion when it was not filed later than 10 days after judgment was entered).

ly searched the family's belongings because of the medical emergency on the original flight. *Id.* at 5–7. Finally, the plaintiffs claim that an employee of the defendant refused to board the family on their return flight to BWI because of their request to sit together. *Id.* at 6–7.

## B. Procedural History

On October 23, 2002, the plaintiffs filed suit against the defendant. The initial complaint alleged gross negligence, intentional infliction of emotional distress, breach of contract and violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq.*). Compl. at 8–10. On November 19 2002, the defendant filed a motion to dismiss, noting that the plaintiff's argument regarding the ADA actually implicated the Air Carrier Access Act ("ACAA") (49 U.S.C. § 41705). On November 21, 2002, the court issued its Standing Order directing parties to comply with the federal and local rules. On December 2, 2002 the plaintiffs filed an amended complaint and an opposition to the motion to dismiss.

The first three counts of the amended complaint mirrored the first three counts of the original complaint. *Compare* Am. Compl. at 8–9 *with* Compl. at 8–9. Count IV, however, substituted the allegations involving violations of the ADA with violations of the ACAA. Am. Compl. at 9. On December 6, 2002, the defendant filed a motion to dismiss the amended complaint. The plaintiffs did not file an opposition to the defendant's motion to dismiss the amended complaint, instead filing on January 15, 2003, a joint meet and confer statement and proposed scheduling order that noted "a motion to dismiss is pending." Joint Statement at 1; Prop. Scheduling Order at 1.

On August 5, 2003, the court granted the defendant's motion to dismiss the amended complaint. Order dated Aug. 5, 2003. In its Memorandum Opinion, the court observed that the plaintiffs' opposition to the first motion to dismiss only addressed Count IV, and that "even if the court treats the plaintiffs' opposition to the defendant's first motion as an opposition to the defendant's second motion, the plaintiffs still have not responded to the arguments pertaining to Counts I–III." *Fox v. American Airlines, Inc.,* 2003 WL 21854800 at *2 (D.D.C. Aug.5, 2003). The court further noted that, "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded." *Id.* Accordingly, the court treated Counts I–III as conceded and granted the defendant's motion to dismiss. *Id.* Analyzing count IV in detail, the court concluded that "the defendant's argument that the ACAA does not create a private right of action is substantively correct." *Id.* at *4. The court then granted the defendant's motion to dismiss Count IV. *Id.* On August 18, 2003, the plaintiffs filed a motion to alter or amend the court's order granting the defendant's motion to dismiss. The court now turns to that motion.

## III. ANALYSIS

### A. Legal Standard for Rule 59(e) Motion

■■■■ Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue. FED. R. CIV. P. 59(e); *see also Mashpee Wampanoag Tribal Council, Inc. v. Norton,* 336 F.3d 1094, 1098 (D.C.Cir.2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other

day appointed as a holiday by the President"). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice.'" *Firestone*, 76 F.3d at 1208. Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C.Cir.1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

## B. The Court Denies the Plaintiffs' Motion to Alter or Amend Judgment

### 1. Plaintiffs' Counsel Should Have Known that a Motion to Dismiss was Pending

█ In their motion to alter or amend judgment, the plaintiffs do not question the judgment based on an intervening change of controlling law or the availability of new evidence. *See generally* Pls.' Mot. to Amend. Rather, they argue that the court should amend its judgment because the plaintiffs' counsel did not receive the motion to dismiss the amended complaint. *Id.* at 1–2. Exercising its discretion, the court concludes that, because plaintiffs' counsel should have realized that a motion

was pending, no manifest injustice has occurred. *Firestone*, 76 F.3d at 1208.

This court uses an electronic filing system called CM/ECF. LCvR 5.4. When documents are filed using the CM/ECF system, notification is sent to each party via e-mail. LCvR 5.4(d)(2). "An attorney ... who obtains a CM/ECF password consents to electronic service of all documents subsequent to the original complaint" and "[s]ervice by electronic means is complete on transmission." LCvR 5.4(b)(6); FED. R. CIV. P. 5(b)(2)(D). In addition, "counsel ... [is] responsible for monitoring their e-mail accounts" for notice of service. LCvR 5.4(b)(6). Accordingly, plaintiffs' counsel should have received the motion to dismiss the amended complaint via e-mail.

Even if plaintiffs' counsel did not receive the motion, it does not relieve him of his responsibility to monitor the court's docket. *See e.g. U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir.2001) (refusing to re-open time for appeal under Federal Rule of Appellate Procedure 4(a)(6) because "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal"); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir.1994) (concluding in the Rule 60(b) context that failure to receive notice of final judgment did not warrant relief, absent evidence that the official docket failed to reflect entry of final judgment); *In re Mayhew*, 223 B.R. 849, 856 (D.R.I.1998) (holding in the 60(b) context that it is the attorney's duty to monitor the docket and that "[a]n attorney may not simply sit back and rely on the court to keep him or her up to date; allowing attorneys to do so would not only invite abuses, but would remove the burden of vigilance from the advocates hired to pursue a client's interests"). It is the official docket that parties must rely on to determine the status

of the litigation, which submission(s) are active and to which submission(s) they must respond.

If plaintiffs' counsel had checked the docket, he would have discovered the motion to dismiss the amended complaint. First, on January 15, 2003, plaintiffs' counsel filed a joint meet and confer statement and proposed scheduling order. *Id.* The joint statement, filed after the plaintiffs' amended complaint and after the parties conferred twice, repeatedly noted that a motion to dismiss was pending. *Id.* Plaintiffs' counsel should have realized that this pertained to the amended complaint. Second, plaintiffs' counsel should have been expecting a response to the amended complaint. FED. R. CIV. P. 15(a) (stating that "a party shall plead in response to an amended pleading within the time remaining for the response to the original pleading or within 10 days after service of the amended pleading"). Third, if plaintiffs' counsel had checked the docket when filing the joint statement, he would have noticed that the defendant had filed a motion to dismiss the amended complaint approximately five and a half weeks earlier. Thus, given plaintiffs' counsel's apparent failure to check the official case docket and absent any evidence of a docketing error, the court concludes that amending judgment is not necessary to prevent manifest injustice. *Firestone,* 76 F.3d at 1208.

### 2. A Motion to Amend Judgment is Not An Opportunity to Reargue Legal Theories

As noted, a motion to amend judgment "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York,* 880 F.Supp. at 38. In their motion to amend judgment, the plaintiffs claim that the ACAA provides a cause of action and that the defendant is collaterally estopped from arguing otherwise. Pls.' Mot. to Amend.

at 2–4. This argument, however, merely reiterates earlier claims that the court has already rejected. *Fox,* 2003 WL 21854800 at *3–*4. The plaintiffs' reassertion of legal arguments made in the original opposition to the defendant's motion to dismiss merely constitutes an inappropriate attempt to reargue the defendant's initial motion and does not form a proper basis for reconsideration. *New York,* 880 F.Supp. at 38. Accordingly, the court denies the plaintiffs' motion to alter or amend judgment. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motion to alter or amend judgment of the court's order granting the defendant's motion to dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this ___ day of December 2003.