**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ERIC WILLIAM BLY,

  Defendant - Appellant.

No. 04-6046
(W. D. Oklahoma)
(D.Ct. No. CR-96-108-2-A)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, Circuit Judge, **HOLLOWAY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

In his fourth visit to this court, Eric William Bly appeals a sentence of nine consecutive twenty year terms of imprisonment imposed in a 28 U.S.C. § 2255 proceeding. He contends United States Sentencing Guideline §5G1.2(d) (mandating consecutive sentences in specified multiple count circumstances) must bow to 18 U.S.C. § 3584(a) (permitting concurrent or consecutive terms of imprisonment in multiple count circumstances). He also contends his sentence

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violates *Blakely v. Washington,* 524 U.S. 296, 124 S.Ct. 2531 (2004) (invalidating Washington's sentencing guidelines under the Sixth Amendment). Exercising jurisdiction under 28 U.S.C. §§ 2253(a) and 1291, we grant a certificate of appealability (COA)[1] and AFFIRM.

### *Background*

A detailed procedural history clarifies the issues presented for review. On July 3, 1996, Bly, with others, was charged in a ninety-seven count indictment alleging drug trafficking, firearms and money laundering offenses. On October 4,

---

[1] The January 9, 2004 order being appealed is an order in which the district court reimposed an earlier § 2255 sentence which we previously vacated and reversed. *See United States v. Bly,* 328 F.3d 1262, 1267 (10th Cir. 2003). The order being appealed is entitled, in part, "Revised Judgment in a Criminal Case . . . (Revised 1/9/04 to Reflect § 2255 Ruling)." It is thus clear that the order being appealed is a final order issued in a § 2255 proceeding. As such, our review is constrained by the requirement for the issuance of a COA. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255."); FED. R. APP. P. 22(b) ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

Bly filed his notice of appeal in the district court on February 2, 2004. The record does not reflect Bly applied for or the district court issued a COA. "Failure of the district court to issue a certificate of appealability within thirty days of filing the notice of appeal shall be deemed a denial." United States Court of Appeals for the Tenth Circuit, Emergency General Order (October 1, 1996) at 3. "If the district judge has denied the [COA], the applicant may request a circuit judge to issue the certificate." FED. R. APP. P. 22(b)(1). Bly has not requested a COA from this Court. "If no express request for a [COA] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." *Id.* at (b)(2). Thus, we construe Bly's notice of appeal as a request for a COA, and we grant the request.

-2-

1996, a jury convicted Bly of sixteen counts.[2]  On January 23, 1997, Bly, twice

previously convicted of felony drug offenses, was sentenced to, *inter alia,* nine

concurrent terms of life imprisonment.[3]  *See* 21 U.S.C. § 841(b)(1)(A) ("If any

person commits a violation of this subparagraph . . . after two or more prior

convictions for a felony drug offense have become final, such person shall be

sentenced to a mandatory term of life imprisonment . . . .").  He appealed.  We

affirmed Bly's convictions but vacated his sentence and remanded for

resentencing because the Government failed to meet its burden to prove Bly's two

prior felony drug convictions beyond a reasonable doubt.  *See United States v.*

*Green,* 175 F.3d 822, 836, 838 (10th Cir. 1999) (*Bly I*).  *See also* 21 U.S.C. §

851(c) (government must prove prior convictions for § 841(b)(1)(A) sentence

enhancement beyond a reasonable doubt).  On remand, on July 7, 1999, after the

---

[2] Bly was convicted of one count of conspiracy to distribute a controlled substance (cocaine and cocaine base [crack]) in violation of 21 U.S.C. §§ 846 and 841(a)(1), eight counts of possession with intent to distribute a controlled substance (cocaine base [crack])) in violation of 21 U.S.C. § 841(a)(1) [seven counts included a charge of aiding and abetting in violation of 18 U.S.C. § 2], one count of maintaining a place for the purpose of manufacturing and distributing a controlled substance (cocaine base [crack]) in violation of 21 U.S.C. § 856(a)(1), four counts of use of a telephone to facilitate distribution of a controlled substance (cocaine base [crack]) in violation of 21 U.S.C. § 843(b), one count of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and (2) and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

[3] The United States Sentencing Commission, *Guidelines Manual* (Nov. 1996) was used in sentencing Bly.  Therefore, all references to the guidelines refer to the 1996 edition.  *See* 18 U.S.C. § 3553(a)(4)(A)(ii) (guidelines in effect on date of sentence govern).

Government met its burden of proof, the district court, *inter alia*, reimposed nine concurrent terms of life imprisonment. We affirmed. *United States v. Bly,* 211 F.3d 1279 (10th Cir. 2000) (unpublished decision filed April 13, 2000) (*Bly II)*.

On June 8, 2001, Bly filed a motion under § 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He claimed his latest sentence violated the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The prescribed statutory maximum for a violation of 21 U.S.C. § 841(a)(1), absent enhancements for quantity and two or more prior convictions for a felony drug offense, is not more than twenty years. 21 U.S.C. § 841(b)(1)(c). On August 28, 2001, without benefit of our subsequent ruling in *United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir. 2002) (*Apprendi* is not retroactively applicable to initial habeas petitions), the district court applied *Apprendi* and granted Bly's § 2255 motion. It reduced his punishment of nine concurrent terms of life imprisonment to nine concurrent terms of twenty years imprisonment.

The Government filed a motion to reconsider, arguing, *inter alia*, that USSG §5G1.2(d) and our intervening decision in *United States v. Price*, 265 F.3d 1097, 1109 (10th Cir. 2001), where we held that §5G1.2(d) is a mandatory

provision,[4] required imposition of consecutive sentences.  The district court

agreed and, on October 16, 2001, in Bly's absence, modified its earlier § 2255

ruling to impose nine consecutive terms of twenty years, for a total of 180 years

imprisonment.

Bly appealed on the grounds, *inter alia*, that *Apprendi* was violated in the

application of §5G1.2(d) and, in any event, he had the right to be present when

the court reconsidered his earlier sentence and imposed consecutive sentences.

We avoided Bly's newly-cast *Apprendi* claim, explaining:

> Even if we could consider such an argument--regarding the proper
> application of *Apprendi* in a collateral proceeding in which the
> defendant was not entitled to the benefit of Apprendi at all--this
> circuit's decisions in *Price* and *Lott* [*United States v. Lott,* 310 F.3d
> 1231 (10th Cir. 2002)], interpreting § 5G1.2(d) and explaining its
> implementation, are binding on us and foreclose Bly's claim.

*United States v. Bly,* 328 F.3d at 1264 (*Bly III*).  However, we agreed with Bly's

second claim that he enjoyed a right to be present when the court converted his

sentences from concurrent to consecutive terms of imprisonment.  Thus, we

vacated the district court's order of October 16, 2001, and remanded for

resentencing consistent with our decision.  *See id.* at 1267.

Bly was resentenced, again, on January 9, 2004.  This time, he was

---

[4] *See also United States v. Lott,* 310 F.3d 1231, 1243 (10th Cir. 2002), *cert. denied* 538 U.S. 936 and 538 U.S. 991 (2003) ("We recently joined the majority of our sister circuits, who have held that application of § 5G1.2(d) is mandatory, as the section speaks in terms of shall rather than may.")  (internal quotation marks omitted).

personally present at the proceeding. He argued the district court, pursuant to 18 U.S.C. § 3584(a), enjoyed discretion, notwithstanding §5G1.2(d), to sentence him to concurrent terms of imprisonment. The court, considering itself without discretion to impose concurrent terms due to circuit precedent announced in *Price* and *Lott,* reimposed its earlier § 2255 sentence of nine consecutive twenty year terms of imprisonment for the 21 U.S.C. § 841(a)(1) convictions. Bly appeals.

*Discussion*

*A.    Blakely Claim*

We easily dispose of Bly's *Blakely* claim.[5] *Blakely* does not apply retroactively to an initial habeas petition brought pursuant to 28 U.S.C. § 2255. *United States v. Price,* 400 F.3d 844, 845 (10th Cir. 2005). Nor does *United States v. Booker*, - - U.S. - -, 125 S.Ct. 738 (2005) (applying *Blakely* to invalidate the federal sentencing guidelines insofar as they were mandatory). *United States*

---

[5] On June 24, 2004, three weeks after Bly filed his opening brief, the United States Supreme Court decided *Blakely*, in which it applied its decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") to invalidate Washington's sentencing guidelines under the Sixth Amendment. In *Blakely*, the sentencing court enhanced a standard sentence based on facts neither admitted by the defendant nor proven to a jury beyond a reasonable doubt. Even though the enhanced sentence did not exceed the statutory ceiling of imprisonment for the offense, the Court invalidated it. *Blakely,* 124 S.Ct. at 2538. In doing so, the Court clarified that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* 124 S.Ct. at 2537 (quotation marks omitted).

*v. Ballamy,* No. 04-5145, 2005 WL 1406176 at *4 (10th Cir. June 16, 2005).

### B.    Interplay Between 18 U.S.C. 3584(a) and USSG 5G1.2(d)

We review the district court's construction of a federal statute and its interpretation of the sentencing guidelines de novo. *Quarles v. United States ex rel. Bureau of Indian Affairs,* 372 F.3d 1169, 1171 (10th Cir. 2004); *United States v. Cardena-Garcia*, 362 F.3d 663, 665 (10th Cir.), *cert. denied*, 125 S.Ct. 126 and 125 S.Ct. 246 (2004).

The statute in question provides "[i]f multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms *may* run concurrently or consecutively . . . .  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."  18 U.S.C. § 3584(a) (emphasis added).   However, the statute further provides that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider . . . the factors set forth in section 3553(a)." *Id.* at (b).  Section 3553(a) instructs that

> [t]he court, in determining the particular sentence to be imposed,
> shall consider . . . (4) the kinds of sentence and the sentencing range
> established for (A) the applicable category of offense committed by
> the applicable category of defendant as set forth in the guidelines (i)
> issued by the Sentencing Commission pursuant to section 994(a)(1)
> of Title 28 . . . .

18 U.S.C. § 3553(a).  In turn, 28 U.S.C. § 994(a)(1) explains that the sentencing guidelines are "for [the] use of a sentencing court in determining the sentence to

be imposed in a criminal case, including . . . (D) a determination whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively[.]"  Finally, 18 U.S.C. § 3553(b) (since excised by *Booker* but in effect when *Bly III* was decided) mandated application of the guidelines in the absence of permitted departures.

The guideline in question provides "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts *shall* run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."  USSG §5G1.2(d) (emphasis added).  "This section specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case.  The combined length of the sentences ('total punishment') is determined by the court after determining the adjusted combined offense level and the Criminal History Category."  *Id.*, comment. (n.1).  "If no count carries an adequate statutory maximum [to achieve the total punishment], consecutive sentences are to be imposed to the extent necessary to achieve the total punishment."  *Id.*

Bly argues that § 3584(a)'s permissive language conflicts with and prevails over USSG §5G1.2(d)'s mandatory language.  *See United States v. Kimler,* 335 F.3d 1132, 1145 (10th Cir.), *cert. denied*, 540 U.S. 1083 (2003) ("statutes trump

-8-

guidelines when the two conflict"). He contends *Price* does not foreclose his claim, as *Bly III* determined, because it did not discuss the interplay between § 3584(a) and USSG §5G1.2(d). *See Bly III* at 1264. We reject these arguments for two reasons.

First, the statute and the guideline do not conflict. In *United States v. Mihaly,* a case decided well before Bly's latest sentencing, we held that a companion guideline to §5G1.2(d), §5G1.3(a),[6] was "reconcilable with 18 U.S.C. § 3584(a) because § 5G1.3 does not preclude a court from departing from the Guidelines and sentencing concurrently." 67 F.3d 894, 896 (10th Cir. 1995) (internal quotation marks omitted).

> [E]ven where a particular guideline does not contain provisions for departure, a district court retains discretion to depart from the guidelines, subject to review, if it determines that factors relevant to the sentencing have not been addressed adequately by the guidelines. This is the standard for a general departure under 18 U.S.C. § 3553(b) and the guidelines.

*Id.* (internal quotation marks and alterations omitted).[7] We conclude §5G1.2(d) is

---

[6] USSG §5G1.3(a) provides:

If the instant offense was committed while the defendant was serving a term of imprisonment . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

[7] There is no evidence in the record the district court misunderstood its authority to depart from the guidelines under 18 U.S.C. § 3553(b) had it been asked to do so. The court's remarks at sentencing reveal Bly's request for concurrent sentencing relied solely on the asserted preeminence of 18 U.S.C. § 3584(a) over USSG §5G1.2(d):

compatible with 18 U.S.C. § 3584(a) for identical reasons. Therefore, Bly's

reliance on *Kimler* is inapposite. Moreover, the language of the statutory text,

guideline text and guideline commentary to which we have referred clearly

indicates compatability between 18 U.S.C. § 3584(a) and USSG §5G1.2(d).

---

> I want to place this case in a position where not only Judge Alley but all judges can be educated on the interplay between the concurrent sentence statute and the [consecutive] sentence guideline, and the best way to do that, I think - - although I know it's an imposition on counsel for what's probably going to be another appeal - - the best way to do it would be to reimpose the sentence as in the revised J&C that I signed on October 16, 2001, which is the consecutive sentences for a total of 180 years, to reimpose that, coupled with my conclusion on the record, and which should be in the order, that I construe the totality of what the Tenth Circuit has done in this case to oblige me to sentence according to . . . Guideline 5G1.2(d); and that I am without power to apply a concurrent sentence calculation.

(R. Vol. 2 at 16-17.) Furthermore, Bly did not move for a downward departure. As late as the January 9, 2004 resentencing, his counsel explicitly stated Bly was not seeking a downward departure, and insisted the court enjoyed the authority to sentence concurrently pursuant to 18 U.S.C. 3584(a) notwithstanding USSG §5G1.2(d)'s mandatory requirement for consecutive sentencing:

> [T]he reason I guess that I didn't request the downward departure is because I believe that the Court can - - my position is that the Court, in lieu of a downward departure, the proper way for this Court to determine whether this is an appropriate sentence is to grant the sentences concurrently. In other words, I had thought about it and a downward departure is really not appropriate at this time, but that - - or applicable because the Court could and should, it's my opinion, give a concurrent sentence on the 20 years.

(R. Vol. 2 at 14.) Under these facts, we do not face the situation presented in *Mihaly* where the district court plainly misunderstood its authority to depart under 18 U.S.C. § 3553(b). *See Mihaly,* 67 F.3d at 897.

-10-

The second reason Bly's arguments fail is because we are bound by the law of the case.

> The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. The doctrine has particular relevance following a remand order issued by an appellate court. When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.

*United States ex rel. Southern Ute Indian Tribe v. Hess,* 348 F.3d 1237, 1249 (10th Cir. 2003) (internal quotation marks, alterations and citations omitted). To be sure,

> three exceptionally narrow grounds justify departing from the law of the case doctrine: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.

*Huffman v. Saul Holdings Ltd. P'ship,* 262 F.3d 1128, 1133 (10th Cir. 2001) (internal quotation marks omitted). We identify nothing in the record to satisfy any of these exceptions. Bly's January 9, 2004 resentencing was *pro forma* at best. Only his presence at the proceeding (as we required, *see Bly III,* 328 F.3d at 1267) distinguished it from his October 16, 2001 sentencing. Furthermore, there was no intervening circuit precedent to obviate the application of *Price.* Finally, the decision of the *Bly III* panel to apply *Price* was, for the reasons explained

-11-

above, consistent with our reasoning in *Mihaly* and therefore not clearly erroneous.

### *Conclusion*

Accordingly, we GRANT a COA but AFFIRM the order of the district court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge